## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

MUSTAPHA TAHBOUT, *individually and* :
*on behalf of all others similarly-situated* :
9509 Hoff Street, Apt. A :
Philadelphia, PA 19115 :          CIVIL ACTION NO. _____
:
          Plaintiff, :          **JURY TRIAL DEMANDED**
:
    v. :
:
ESHAI CORP d/b/a COURIER :
DISTRIBUTION SYSTEMS, LLC :
933 Brodhead Road :
Coraopolis, PA 15108; and :
:
COURIER DISTRIBUTION :
SYSTEMS, LLC :
6650 Sugarloaf Parkway, Suite 300 :
Duluth, GA 30097 :
:
          Defendants. :

------------------------------------------------------------

### COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Mustapha Tahbout ("Plaintiff") hereby brings this collective/class action against Defendant Eshai Corp d/b/a Courier Distribution Systems and Defendant Courier Distribution Systems, LLC (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1.      Plaintiff bring this complaint contending that Defendants have unlawfully failed to pay him and other similarly-situated individuals employed in the position of Delivery Driver ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.    Plaintiff is a former employee of Defendants who was employed in the position of Delivery Driver. During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

3.    Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff are complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8.    Plaintiff Mustapha Tahbout currently resides at 9509 Hoff Street, Apt. A, Philadelphia, PA 19115.

2

9.     Upon information and belief, Defendant Eshai Corp, d/b/a Courier Distribution Systems, is a for-profit corporation organized and existing under the laws of the State of Wisconsin, with office addresses registered with the Pennsylvania Secretary of State of 933 Brodhead Road, Coraopolis, PA 15108 and 4636 Westchester Ct., Duluth, GA 30096, and a principal place of business at 4222 Milwaukee Street, #18, Madison, Wisconsin 53714.

10.     Upon information and belief, Defendant Eshai Corp. is the owner of Defendant Courier Distribution Systems, LLC, a limited liability company organized and existing under the laws of the State of Georgia, with an office address registered with the Georgia Secretary of State of 6650 Sugerloaf Parkway, Suite 300, Duluth, GA 30097, and a an office address registered with the Pennsylvania Secretary of State of 933 Brodhead Road, Coraopolis, PA 15108.

11.     Upon information and belief, Defendants operate throughout the Commonwealth of Pennsylvania, including this judicial district.

12.     Defendants are "private employers" and covered by the FLSA.

13.     Plaintiff and, upon information and belief, Class Plaintiffs were employees who was employed by Defendants during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

14.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

3

16.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

17.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Delivery Driver who worked for Defendants at any point in the past three (3) years, drove non-commercial vehicles (i.e. vehicles weighing less than 10,000 pounds), were paid on a per route, salary, and/or hourly basis, and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").

18.     Plaintiff estimates that there are in excess of forty (40) other similarly situated Delivery Drivers who either are working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

19.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' unlawful pay practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully

4

in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class

Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over

forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

20.     Plaintiff will request the Court to authorize notice to all current and former

similarly-situated employees employed by Defendants, informing them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of

seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same

were fully set forth at length herein.

22.     Plaintiff brings this action individually, and on behalf of the following state-wide

class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure:

> All persons presently or formerly employed by Defendants during the past three
> (3) years in the position of Delivery Driver, who drove non-commercial vehicles
> (i.e. vehicles weighing less than 10,000 pounds), were paid on a per route, salary,
> and/or hourly basis, and were denied overtime compensation under the PMWA at
> their regular rate of pay for all hours worked over forty (40) in a workweek.

23.     The members of the class are so numerous that joinder of all members is

impractical. Class members may be informed of the pendency of this Class Action by direct

mail.

24.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law

and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for

services rendered in excess of forty (40) hours per week under the PMWA;

5

B.     Whether Defendants improperly utilized the fluctuating workweek method for determining Plaintiff and Class Plaintiffs' eligibility for overtime compensation under the PMWA;

C.     Whether Defendants failed to accurate track and maintain records of the hours worked by Plaintiff and the Class;

D.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

E.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

25.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendants who was employed in the position of Deliver Driver, drove non-commercial vehicles, and suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to properly pay overtime compensation. Defendants' conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

26.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

27.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

28.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

6

B.     Defendants, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

29.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL BACKGROUND**

30.     Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31.     Plaintiff Mustapha Tahbout first began his employment with Defendants in or around June 2015, when he was hired a Delivery Driver.

32.     Throughout the course of Plaintiff's employment with Defendants, Plaintiff exclusively drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds.

33.     Upon information and belief, Class Plaintiffs also exclusively drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds.

34.     Accordingly, Plaintiff was not, and, upon information and belief, Class Plaintiffs were not, exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption.  See 29 U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015) (holding that when the job duties of an employee otherwise covered by the FLSA affect, in whole or in part, the safe operation of vehicles lighter than 10,000 pounds, the Small Vehicle Exception to the Motor Carrier Exemption applies and the employee will be entitled to overtime compensation).

35.     As Delivery Drivers, Plaintiff and Class Plaintiffs were tasked with delivering parcels under Defendants' services contract with Amazon Warehouse.

36.     Plaintiff and, upon information and belief, Class Plaintiffs were not required to have a commercial driver's license (CDL) in order to perform the role of Delivery Driver.

37.     When delivering parcels for Defendants, Plaintiff and, upon information and belief, Class Plaintiffs, exclusively drove minivans, vans, and/or high-top vans weighing less than 10,000 pounds.

8

38.     Plaintiff and, upon information and belief, Plaintiff and Class Plaintiffs were typically scheduled to work five (5) to six (6) twelve and a half (12.5) hour shifts each week, for an average of sixty-two and a half (62.5) to seventy-five (75) hours per week.

39.     However, Plaintiff and, upon information and belief, Class Plaintiffs sometimes worked in excess of eighty (80) hours per week, depending on the volume of parcels to be delivered and/or Defendants' staffing requirements.

40.     Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs, regularly worked in excess of forty (40) hours of overtime per week, they did not receive overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

41.     By way of example, during the workweek of August 20, 2017 to August 26, 2017, Plaintiff worked at least 67.32 hours, but did not receive overtime compensation at a rate not less than 1.5 times his regular rate of pay for the approximately 27.32 hours of overtime he worked during said workweek.

42.     During the summer of 2016, a manager employed by Defendants named Andrea Jones informed Plaintiff that it was Defendants' policy to pay overtime compensation to its Delivery Drivers only after they worked fifty (50), as opposed to forty (40), hours per week.

43.     Defendants failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA.  See 29 C.F.R. § 516.2.

44.     Defendants were aware that Plaintiff and, upon information and belief, Class Plaintiffs were working significant overtime hours without properly receiving overtime compensation as aforesaid.

9

45.     Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendants, nor did/do they make recommendations with respect to employee status changes to which Defendants gives substantial weight.

46.     As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

47.     Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendants' management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendants.

48.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

49.     Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

50.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

51.     As stated above, Plaintiff and, upon information and belief, Class Plaintiffs exclusively drove non-commercial vehicles (i.e. vehicles weighing less than 10,000 pounds) and, as such, qualify for the Small Vehicle Exception to the Motor Carrier Exemption under the FLSA/PMWA.

52.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

53.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

54.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

55.     Paragraphs 1 through 54 are hereby incorporated by reference as though the same were full set forth at length herein.

56.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

57.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

58.     Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

59.     As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

60.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

61.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

62.     Defendants is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Delivery Driver, or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on a per route, salary, or hourly basis, drove non-commercial motor vehicles, and were denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

12

D.      Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiff by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

63.     Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

13

65.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

66.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

67.     As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

14

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:

        Michael Murphy, Esquire
        Michael Groh, Esquire
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-021
        murphy@phillyemploymentlawyer.com
        mgroh@phillyemploymentlawyer.com
        Attorneys for Plaintiff

Dated:  February 18, 2019

15

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiff's employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.