IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUSTAPHA TAHBOUT, *individually and on behalf of all others similarly-situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>ESHAI CORPORATION d/b/a COURIER DISTRIBUTION SYSTEMS and COURIER DISTRIBUTION SYSTEMS LLC,<br><br>*Defendants*. | CIVIL ACTION<br>NO.: 2:19-cv-00698-JP |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**

KATY E. AULTMAN (*Pro Hac Vice*)
**THRASHER WORTH LLC**
Five Concourse Parkway, Suite 3200
Atlanta, Georgia 30328
Telephone/efax: (404) 760-6016
kaultman@thrasherworth.com

ANDREA M. KIRSHENBAUM, ESQUIRE
**POST & SCHELL, P.C.**
Four Penn Center
1600 John F. Kennedy Boulevard, 14th Floor
Philadelphia, PA 19103
(215) 587-1126
akirshenbaum@postschell.com

*Attorneys for Defendants*

I.  **INTRODUCTION**

In response to Defendants'[1] Partial Motion to Dismiss, Plaintiff Mustapha Tahbout's ("Plaintiff" or "Tahbout") has failed to identify controlling case law supporting the sufficiency of his collective action and class action claims.  Furthermore, the case law cited by Tahbout does nothing to resolve the deficiency of Plaintiff's Complaint - namely that Plaintiff has failed to adequately plead a "common policy or practice" to support his collective action claims under the Fair Labor Standards Act ("FLSA") or a "common question of law or fact" to support his class action claims under the Pennsylvania Minimum Wage Act ("PMWA"). Instead, Plaintiff contends that Defendants are attempting to conflate conditional certification with a 12(b)(6) motion to dismiss. While Plaintiff does not need to provide evidence at this stage in the proceedings, the mere recitation of formulaic generalities is insufficient to state a claim for Plaintiff's collective and class action claims. Accordingly, Defendants request that this Court dismiss Plaintiff's collective action and class action claims, or in the alternative, enter an Order directing Plaintiff to amend his Complaint to provide a more definite statement as to his collective action and class action allegations.

II. **PLAINTIFF'S FLSA COLLECTIVE ACTION ALLEGATIONS**

In the Response in Opposition to Defendants' Motion, Plaintiff relies primarily on a single district court decision and a series of extra-jurisdictional cases to support his claims, but his reliance on these cases is misplaced.  First, Plaintiff cites to *Rosario v. First Student Mgmt., LLC*, 247 F. Supp. 3d 560 (E.D. Pa. 2017), for the assertion that he can maintain an FLSA collective action based solely on pleading plausible claims as to himself individually. (*See* ECF

---

[1] Defendants Eshai Corp. d/b/a Courier Distribution Systems, LLC ("Eshai") and Courier Distribution Systems, LLC ("CDS") are referred to collectively herein as "Defendants".

11, *Pl. Resp.*, at 3). However, *Rosario* does not address the issue raised in Defendants' Motion - i.e., whether Plaintiff has sufficiently alleged a "common policy or practice" to state a collective action claim under the FLSA. Instead, in *Rosario*, the Court granted a motion to dismiss the individual claims of 73 named plaintiffs who had failed to allege specific facts as to themselves individually in the operative complaint. *See Rosario*, 247 F. Supp. 3d at 566-567. The *Rosario* Court did not consider and did not address the pleading standard for the collective action claims or the burden of the Plaintiff to sufficiently allege a "common policy or practice" at the pleading stage. *Compare id. and Deeley v. Genesis Healthcare Corp.,* Civ. No. 10-1242, 2011 WL 3240828, at *3 (E.D. Pa. July 29, 2011) (rejecting nationwide FLSA collective claims under *Iqbal/Twombly* when based on speculative allegations as to the application of policies to other employees outside of Plaintiff's immediate location).

Second, Plaintiff cites to a series of extra-jurisdictional cases to support his claims, but many of these cases likewise are distinguishable from the issues raised in Defendants' Motion. For example, Plaintiff cites *Lang v. DirectTV, Inc.*, 735 F.Supp.2d 421 (E.D. La. 2010), for the proposition that this Court should postpone considering the sufficiency of the collective action allegations until the plaintiff moves for certification. (*See Pl. Resp.* at 4). In *Lang*, however, the Court did not state a blanket rule that the sufficiency of collective action allegations cannot be challenged in a motion to dismiss. In fact, the Court reviewed the plaintiffs' collective action allegations in that case, which alleged a specific scheme across ten states whereby the defendants had used improper deductions and chargebacks to reduce the pay of a specific category of employees in violation of the FLSA. *Lang*, 735 F.Supp.2d at 436-437. Only after concluding that these allegations were sufficient at the pleading stage to state a common policy or practice to

support a collective action did the *Lang* Court state that dismissal was improper. *Id.* Despite this, Plaintiff cites to this case as his leading case for the proposition that a motion to dismiss is an improper vehicle for evaluating the sufficiency of his collective action allegations.

Furthermore, numerous Courts have rejected Plaintiff's argument that a named plaintiff's individual allegations effectively give him a "free pass" to open the (expensive) gates of discovery to a sprawling nationwide putative collective action under the FLSA. *See Dyer v. Lara's Trucks, Inc.,* No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013) (collecting cases and concluding that a motion to dismiss is a proper means to test the sufficiency of FLSA collective action claims). In *Dyer,* the Court reasoned that the 12(b)(6) motion to dismiss and the motion for conditional certification serve different and important purposes:

> To survive a motion to dismiss, a plaintiff must give the defendant fair notice of the putative class. No evidence is required. The plaintiff's reward for surviving a motion to dismiss is discovery. Moreover, "counsel may have some incentive to keep the claims unspecific to achieve the largest possible class"; the motion to dismiss is a defendant's shield against this danger.

*Id.* at *3.  Plaintiff is not entitled to proceed with a putative collective action merely by stating a plausible individual claim for relief under the FLSA. Instead, he must, at a minimum, allege a "common policy or practice" applicable to the entire class of plaintiffs identified in his Complaint. *See Deeley,* 2011 WL 3240828, at *3.

Here, Plaintiff seeks to proceed with a nationwide collective action based on the conclusory allegation that Defendants failed to pay the putative "Class Plaintiffs" at time and a half for hours worked over forty (40) in each workweek without regard to the manner in which the putative collective action members were paid by Defendants. *(See Complaint,* ECF No. 1, ¶¶ 38-40). ).  Plaintiff must do more that parrot the elements of an FLSA cause of action.  Making

matters even more confusing, Plaintiff broadly defined the scope of the collective action to include all "Delivery Drivers" who were "paid per route, salary, and/or hourly basis," without stating which of these categories applied to him individually during his employment. (*Id.*, ¶ 17). Instead, Plaintiff generally alleged that he was not paid "at a rate not less than 1.5 times his regular rate of pay" for his overtime worked. (*Id.*, ¶ 41). At most, Plaintiff has alleged a single statement made to him by one "manager" that Defendants paid overtime only over 50 hours per week, but Plaintiff did not allege that this policy applied to him or to any of the other putative collective action members. (*Id.*, ¶ 42). This allegation, standing alone, is insufficient to support a claim based on a "common policy or practice" for a nationwide class. Accordingly, Defendants request that this Court dismiss Plaintiff's collective action claims or, in the alternative, order Plaintiff to file an Amended Complaint to address these deficiencies.

### III. PLAINTIFF'S PMWA CLASS ACTION ALLEGATIONS

Plaintiff has also failed to sufficiently allege "common questions of law or fact" under the PMWA as to putative "Class Plaintiffs."[2] At most, Plaintiff's class action allegations consist of formulaic recitation of the elements of a claim for unpaid overtime under the PMWA, e.g. whether the "Class Plaintiffs" were entitled to overtime compensation for hours worked over forty (40) per week; whether Defendants failed to accurately track hours worked; whether the "Class Plaintiffs" worked over forty (40) hours per week; and whether Defendants improperly utilized a fluctuating workweek method for determining overtime pay. (*See Compl.*, ¶ 24). Plaintiff, however, has not addressed the obvious conflict between his alleged common questions

---

[2] Although Plaintiff has now clarified in his Response that his PMWA claims to apply solely to individuals employed within the Commonwealth of Pennsylvania, he has not otherwise addressed the argument that his bald allegations of "common questions of law and fact" are insufficient to place Defendants on notice of the basis for his class claims.

of law and fact with his incredibly broad class designation to include individuals "paid on a per route, salary, and/or hourly basis." (*Compare*, *Id.*, ¶ 22 *and* ¶ 24). Plaintiff has failed to allege facts sufficient to support such a broad class definition or to reconcile how a putative class of employees paid using three different methodologies could have a common claims under the PMWA. Furthermore, Plaintiff's Response does not address the abject absence of factual allegations in the complaint to support Plaintiff's alleged common question related to the use of a "fluctuating workweek method." (*Id.* ¶ 24). Plaintiff has failed state plausible claims that would support any inference of "commonality" among the putative class identified in his Complaint. Accordingly, Defendants request that this Court dismiss Plaintiff's class action claim or, in the alternative, order Plaintiff to file an Amended Complaint to address these deficiencies.

## IV.  CONCLUSION

While Plaintiff has provided the basic factual allegations to sustain an individual claim for relief, Plaintiff relies on a loose definition of "Class Plaintiffs" and a series of vague, conclusory allegations to support both the FLSA collective action and PMWA class action claims. Absent adequate factual allegations, Defendants are left to guess as to the basis for Plaintiff's claims and the scope of the putative collective and class actions raised by Plaintiff's Complaint. Accordingly, Defendants respectfully request that this Court dismiss those claims or, in the alternative, enter an Order directing Plaintiff to amend his Complaint to provide a more definite statement as to his collective action and class action allegations.

*[signature only on next page]*

Respectfully submitted,

 /s/ Katy E. Aultman
 KATY E. AULTMAN (*Pro Hac Vice*)
 **THRASHER WORTH LLC**
 Five Concourse Parkway, Suite 3200
 Atlanta, Georgia 30328
 Telephone/efax: (404) 760-6016
 kaultman@thrasherworth.com

 ANDREA M. KIRSHENBAUM, ESQUIRE
 **POST & SCHELL, P.C.**
 Four Penn Center
 1600 John F. Kennedy Boulevard, 14th Floor
 Philadelphia, PA 19103
 (215) 587-1126
 akirshenbaum@postschell.com

 *Attorneys for Defendants*

Dated: July 2, 2019