**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MUSTAPHA TAHBOUT, *individually and on behalf of all others similarly-situated*, <br><br> Plaintiff, <br><br> v. <br><br> ESHAI CORPORATION d/b/a COURIER DISTRIBUTION SYSTEMS, LLC and COURIER DISTRIBUTION SYSTEMS, LLC, <br><br> Defendants. | No. 2:19-cv-00698-JP |

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants Eshai Corporation ("Eshai"), and Courier Distribution Systems, LLC ("CDS") (collectively "Defendants"), hereby respond to the averments contained in Plaintiff Mustapha Tahbout's First Amended Collective and Class Action Complaint ("Complaint") (ECF No. 28) in accordance with the numbered paragraphs thereof:

**ALLEGED NATURE OF THE ACTION**

1.       Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to state a claim against Defendants on behalf of himself and others he contends are "similarly-situated" for alleged violations of the Fair Labor Standards Act ("FLSA"), as well as a claim against Defendants for alleged violations of the Pennsylvania Minimum Wage Act ("PMWA").  By way of further response, to the extent that the averments contained in this Paragraph characterize Plaintiff's Complaint, which is a written document, such document speaks for itself.  Any characterization inconsistent therewith is denied.  It is specifically denied that Plaintiff has stated a claim for relief under either the FLSA or the PMWA, and that this case is appropriate for

collective or class-action treatment.  The remaining averments contained in this Paragraph constitute conclusions of law to which no response is required.  To the extent that a further responsive pleading is required, such averments are denied.

2.      Admitted in part; denied in part.  It is admitted that Plaintiff was employed by Defendant CDS as a Delivery Associate.  Defendants deny that Plaintiff was employed by Defendant Eshai.  The remaining averments of this Paragraph are denied.

3.      Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "policy and practice," "rarely, if ever," "full, uninterrupted break," and "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.  Moreover, the averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, the averments are denied.

4.      Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  Moreover, the averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, the averments are denied.

5.      Admitted in part; denied in part.  It is admitted only that Plaintiff purports to bring this action as a representative action and that Plaintiff seeks certain damages.  By way of further response, to the extent that the averments contained in this Paragraph characterize Plaintiff's Complaint, which is a written document, such document speaks for itself.  Any characterization

2

inconsistent therewith is denied.  It is specifically denied that Plaintiff has stated a claim for relief under either the FLSA or the PMWA, and that this case is appropriate for collective or class-action treatment.  The remaining averments contained in this Paragraph constitute conclusions of law to which no response is required.  To the extent that a further responsive pleading is required to this Paragraph, such averments are denied.

## ALLEGED JURISDICTION AND VENUE

6. The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

7. The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

8. The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

9. Denied as stated.  By way of further response, Defendants conduct business in the Commonwealth of Pennsylvania.  The remaining averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, such averments are denied.

## ALLEGED PARTIES

10. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this Paragraph.  To the extent a responsive pleading is required, the averments are denied.

11.     Admitted in part; denied in part.   Defendant Eshai admits only that it is a Wisconsin corporation with local offices registered with the Pennsylvania Secretary of State. Defendant Eshai denies that its principal place of business is in Wisconsin, and by way of further response, states that its headquarters and principal place of business are located at 2750 Premiere Parkway, Suite 900, Duluth, Georgia.  The remaining averments of this Paragraph are denied.

12.     Admitted in part; denied in part.   It is admitted only that Defendant CDS is a Georgia limited liability company with its headquarters and principal place of business located at 2750 Premiere Parkway, Suite 900, Duluth, Georgia, and that Defendant CDS is wholly owned by Defendant Eshai.  The remaining averments of this Paragraph are denied.

13.     Denied as stated.   By way of further response, Defendants operate in the Commonwealth of Pennsylvania, including in this judicial district.

14.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

15.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "Class Plaintiffs" and "all times relevant hereto" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.   Moreover, the averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, the averments are denied.

16.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "all times relevant hereto"

and "agents, servants, or employees thereto existing" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.   Moreover, the averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.   To the extent that a responsive pleading is required, the averments are denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Defendants hereby incorporate their responses to the preceding Paragraphs as though fully set forth herein.

18.     Admitted in part; denied in part.  It is admitted only that Plaintiff has brought this action as a collective action against Defendants and that Plaintiff seeks certain damages.  By way of further response, to the extent that the averments contained in this Paragraph characterize Plaintiff's Complaint, which is a written document, such document speaks for itself.   Any characterization inconsistent therewith is denied.  It is specifically denied that Plaintiff has stated a claim for relief under the FLSA and that this case is appropriate for collective treatment.  The remaining averments contained in this Paragraph constitute conclusions of law to which no response is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

19.     Admitted in part; denied in part.  It is admitted only that Plaintiff has brought this action as a collective action.  It is specifically denied that Plaintiff has stated a claim for relief under the FLSA and that this case is appropriate for collective treatment.  The remaining averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, such averments are denied.

20.     Admitted in part; denied in part.  Defendant CDS admits only that it has maintained payroll records as required by law for all of its employees.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff estimates.  To the extent a responsive pleading is required, the averments are denied.  Moreover, the averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, the averments are denied.

21.     Denied.  The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, such averments are denied.

22.     Denied.  The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, such averments are denied.

## CLASS ACTION ALLEGATIONS

23.     Defendants hereby incorporate their responses to the preceding Paragraphs as though fully set forth herein.

24.     Admitted in part; denied in part.  It is admitted only that Plaintiff has attempted to bring this action on behalf of a state-wide class under the PMWA.  By way of further response, to the extent that the averments contained in this Paragraph characterize Plaintiff's Complaint, which is a written document, such document speaks for itself.  Any characterization inconsistent therewith is denied.  It is specifically denied that Plaintiff has stated a claim for relief under the PMWA and that this case is appropriate for class action treatment.  The remaining averments

contained in this Paragraph constitute conclusions of law to which no response is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

25.     Denied.  By way of further response, Defendants deny that the purported "state-wide class" as defined by Plaintiff satisfies the prerequisites of Federal Rule of Civil Procedure 23 for a class action and that Plaintiff has stated a claim for relief under the PMWA.  The remaining averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

26.     The averments contained in this Paragraph as well as sub-paragraphs A. through G. constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph and sub-paragraphs A. through G., such averments are denied.

27.     Admitted in part; denied in part.  It is admitted only that Plaintiff was previously employed by Defendant CDS in the position of Delivery Associate.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "non-commercial vehicles" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.  The remaining averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

28.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

29.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff "is committed to pursuing this action."  To the extent a responsive pleading is required, that averment is denied.  Moreover, the averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

30.     The averments contained in this Paragraph and sub-paragraphs A. through C. constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph and sub-paragraphs A. through C., such averments are denied.

31.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

## ALLEGED FACTUAL BACKGROUND

32.     Defendants hereby incorporate their responses to the preceding Paragraphs as though fully set forth herein.

33.     Admitted in part; denied in part.  Defendant CDS admits that Plaintiff began his employment as a Driver Associate with CDS in or around June 2015.  Defendants deny that Plaintiff was employed by Defendant Eshai.  The remaining averments of this Paragraph are denied.

34.     Admitted in part; denied in part.  It is admitted only that Plaintiff operated vehicles weighing less than ten thousand (10,000) pounds during his employment with

Defendant CDS.  Defendants deny that Plaintiff was employed by Defendant Eshai.  The remaining averments of this Paragraph are denied.

35.    Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

36.    Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  Moreover, the averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, the averments are denied.

37.    Admitted in part; denied in part.  It is admitted only that Plaintiff was tasked with delivering parcels during his employment with Defendant CDS.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  The remaining averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, such averments are denied.

38.    Admitted in part; denied in part.  It is admitted only that Plaintiff was not required to maintain a commercial driver's license during his employment in order to perform his duties for Defendant CDS.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "Class Plaintiffs" is vague

and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  The remaining averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

39.     Admitted in part; denied in part.  It is admitted only that Plaintiff operated vans weighing less than ten thousand (10,000) pounds during his employment with Defendant CDS. By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  The remaining averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

40.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "Class Plaintiffs," "typically scheduled," "generally lasting," and "average of fifty (55) [sic] to sixty (60) or more hours per week" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

41.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "Class Plaintiffs" and "regularly worked" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

42.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "policy and practice" and "Class Plaintiffs" is vague and unintelligible in the context of the Complaint and the allegations are made without respect to the alleged time period in which the purported "policies and practices" allegedly were in effect rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.  By way of further response, to the extent that the averments contained in this Paragraph characterize CDS's written policies, which are written documents, such documents speak for themselves.    Any characterization inconsistent therewith is denied.

43.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "policy and practice" is vague and unintelligible in the context of the Complaint and the allegations are made without respect to the alleged time period in which the purported "policies and practices" allegedly were in effect rendering the averments of this Paragraph unanswerable.   To the extent that a responsive pleading is required, the averments are denied.  By way of further response, to the extent that the averments contained in this Paragraph characterize CDS's written policies, which are written documents, such documents speak for themselves.  Any characterization inconsistent therewith is denied.

44.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the terms "expectation," and "Class Plaintiffs" is vague and unintelligible in the context of the Complaint and the allegations are made without respect to the alleged time period in which the purported "policies and practices" allegedly were in effect rendering the averments of this Paragraph unanswerable.  To the extent

that a responsive pleading is required, the averments are denied.  By way of further response, to the extent that the averments contained in this Paragraph characterize CDS's written policies, which are written documents, such documents speak for themselves.   Any characterization inconsistent therewith is denied.

45.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the terms "mechanism" and "Class Plaintiffs" is vague and unintelligible in the context of the Complaint and the allegations are made without respect to the alleged time period in which the purported "policies and practices" allegedly were in effect rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.  By way of further response, to the extent that the averments contained in this Paragraph characterize CDS's written policies, which are written documents, such documents speak for themselves.   Any characterization inconsistent therewith is denied.

46.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "multiple occasions" and "uninterrupted thirty (30) minute meal breaks" is vague and unintelligible in the context of the Complaint, including with respect to unidentified "dispatchers," rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

47.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the terms and phrases "aware," "Class Plaintiffs," and "uninterrupted meal breaks," and "parcel and vehicle tracking information" is vague and unintelligible in the context of the Complaint rendering the averments of this

Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

48.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "Class Plaintiffs," "routinely forced," and "uninterrupted thirty (30) minute meal break" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

49.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "Class Plaintiffs" and "regularly worked" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

50.     Admitted in part; denied in part.  It is admitted only that Defendant CDS's payroll records reflect that during the week of August 20 to 26, 2017, Plaintiff worked a total of 67.32 hours over six days, and that Plaintiff took a thirty-minute meal break on each of those days. The remaining averments in this Paragraph are denied.

51.     Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff fails to identify the dates of the alleged "hours" and "meal breaks" rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

52.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

53.     Denied.  By way of further response, Defendants deny that they had a policy of paying overtime only to Driver Associates who worked more than fifty hours per week.  After reasonable investigation, Defendants are without information or knowledge sufficient to form a belief as to the remaining averments contained in this Paragraph.

54.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "policy and practice" and "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.  By way of further response, to the extent that the averments contained in this Paragraph characterize CDS's written policies, which are written documents, such documents speak for themselves.  Any characterization inconsistent therewith is denied.

55.     Denied as stated.  By way of further response, Defendant CDS's records reflect that Plaintiff received a copy of a document entitled "Schedule & Pay Acknowledgment" on April 14, 2018.  To the extent that the averments contained in this Paragraph characterize the "Schedule & Pay Acknowledgment," which is a written document, such document speaks for itself.  Any characterization inconsistent therewith is denied.

56.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "policy and practice" and "Class Plaintiffs" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.  By way of further response, to the extent that the averments contained in this Paragraph characterize CDS's written policies, which are written documents, such documents speak for themselves.  Any characterization inconsistent therewith is denied.

57.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

58.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "significant overtime hours" and "Class Plaintiffs" is vague and unintelligible in the context of the Complaint especially with respect to unidentified individuals allegedly at "Defendants" rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

59.     Admitted in part; denied in part.  It is admitted only that Plaintiff did not have authority to hire, fire, or discipline other employees.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the remaining averments contained in this Paragraph.

60.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

61.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

62.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

63.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

64.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

65.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

66.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

67.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

68.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

## PLAINTIFF'S ALLEGED CAUSES OF ACTION

### COUNT I
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. §§ 201 to 219
### ALLEGED FAILURE TO PAY OVERTIME COMPENSATION

69.     Defendants hereby incorporate their responses to the preceding Paragraphs as though fully set forth herein.

70.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, 29 U.S.C. § 206(b) is a statute in writing which speaks for itself.  To the extent that the allegations in this Paragraph related thereto are inconsistent therewith, they are denied.  To the extent that any further responsive pleading is required to this Paragraph, such averments are denied.

71.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, 29 U.S.C. § 207(a)(1) is a statute in writing which speaks for itself.  To the extent that the allegations in this Paragraph related thereto are inconsistent therewith, they are denied.  To the extent that any further responsive pleading is required to this Paragraph, such averments are denied.

72.     Denied.

73.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrases "regularly forced" and "actual and constructive knowledge" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.   To the extent that a responsive pleading is required, the averments are denied.

74.     Denied.  By way of further response, Defendants are unable to admit or deny the averments contained in this Paragraph as Plaintiff's use of the phrase "regularly denied" is vague and unintelligible in the context of the Complaint rendering the averments of this Paragraph unanswerable.  To the extent that a responsive pleading is required, the averments are denied.

75.     Denied.

76.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

77.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

78.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

### RESPONSE TO PRAYER FOR RELIEF ON COUNT I

The averments contained in the prayer for relief following Count I of Plaintiff's Complaint, including all sub-paragraphs, constitute a request for damages to which no responsive pleading is required.  It is specifically denied that any action or inaction of Defendants (or any of their employees) entitles Plaintiff, or any group or groups of individuals who he purports to represent, the existence of which are expressly denied, to the relief requested.

### COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P .S. § 333, *et seq.*
### ALLEGED FAILURE TO PAY OVERTIME COMPENSATION

79.     Defendants hereby incorporate their responses to the preceding Paragraphs as though fully set forth herein.

80.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, 43 P.S. § 333.113 is a statute in writing which speaks for itself.  To the extent that the allegations in this Paragraph related

thereto are inconsistent therewith, they are denied.  To the extent that any further responsive pleading is required to this Paragraph, such averments are denied.

81.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, 43 P.S. § 333.113 is a statute in writing which speaks for itself, and 34 Pa. Code § 231.41 is a regulation in writing which speaks for itself.  To the extent that the allegations in this Paragraph related thereto are inconsistent therewith, they are denied.  To the extent that any further responsive pleading is required to this Paragraph, such averments are denied.

82.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

83.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

84.     The averments contained in this Paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is required to this Paragraph, such averments are denied.

<u>**RESPONSE TO PRAYER FOR RELIEF ON COUNT II**</u>

The averments contained in the prayer for relief following Count II of Plaintiff's Complaint, including all sub-paragraphs, constitute a request for damages to which no responsive pleading is required.  It is specifically denied that any action or inaction of Defendants (or any of their employees) entitles Plaintiff, or any group or groups of individuals who he purports to represent, the existence of which are expressly denied, to the relief requested.

Defendants deny each and every averment in Plaintiff's Complaint not expressly admitted herein.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the averments of Plaintiff's Complaint, Defendants respectfully request that:

(a)    Plaintiff's claims be dismissed with prejudice and in their entirety;

(b)    Each and every prayer for relief contained in the Complaint be denied;

(c)    Judgment be entered in favor of Defendants;

(d)    All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws; and

(e)    Defendants be granted such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Defendants also reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Eshai is not a proper defendant in this action because it did not employ Plaintiff or any putative collective or class member, and was not otherwise responsible for the employment actions and practices of which Plaintiff complains.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not jointly employ Plaintiff, or any putative collective or class members, and otherwise did not have any

control over Plaintiff, or any putative collective or class members, while they were working for any other Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any purported class members are barred, in whole or in part, by the applicable statute of limitations for their failure to raise a claim in a timely manner, including without limitation the two and three year limitations periods contained in the FLSA or PMWA, laches, or any other applicable limitations period.

## FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any other putative collective or class members are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, and consent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's attempt to pursue this case as a class action fails because an independent and individual analysis of Plaintiff's claims, the claims of each purported opt-in or class member, and each of Defendants' defenses is required.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins or putative class members, because Plaintiff's claim(s) are not typical of those purportedly advanced by other putative collective or class members.

## EIGHTH AFFIRMATIVE DEFENSE

The PMWA does not provide for a private cause of action to recover allegedly unpaid overtime.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff or any putative collective or class members are barred, in whole or in part, by exclusions, exceptions, credits, or offsets permissible under the FLSA or the PMWA.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any purported class member are barred, in whole or in part, as to all hours allegedly worked that Defendants did not suffer or permit to be worked or of which Defendants lacked actual or constructive knowledge.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and any putative collective action or class members have sustained no damages or, if any, *de minimis* damages, which are not actionable under the FLSA, the PMWA or any other law.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any putative collective or class members for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

If any alleged failure to pay overtime wages of Plaintiff and any putative collective or class members was unlawful, none of the Defendants' alleged actions or omissions constitute a willful violation of the FLSA, the PMWA, or any other applicable statute or law.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or putative collective or class members has signed a release or waiver encompassing claims alleged in the Complaint, their claims are barred by that release or waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any putative collective or class members may not maintain the action as described in the Complaint as a collective or class action because the Complaint fails to state facts sufficient to establish an ascertainable class or collective.

## SIXTEENTH AFFIRMATIVE DEFENSE

A collective or class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The group of persons who Plaintiff purports to represent is not sufficiently large that it would be impracticable or impossible to join additional plaintiffs or for additional plaintiffs to pursue separate actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to any other putative collective or class members and, therefore, is an inadequate collective or class representative.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege that any putative collective or class members are subject to a common practice, policy, or plan of Defendants that violates either the FLSA or the PMWA. Accordingly, certification of the putative collective or class action is inappropriate.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and any putative collective or class action members do not share a sufficient commonality of issues, either legal or factual, to warrant certification of a class or collective action.  Common issues of law and fact, if any, do not predominate over individual issues. Accordingly, the types of claims alleged by Plaintiff on behalf of himself and the group of

persons who he purports to represent are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class treatment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff and any putative collective or class members failed to mitigate their damages, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's own conduct contributed or caused any harm he allegedly suffered.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are unsuitable for collective or class treatment because Plaintiff cannot show that the prosecution of separate actions by members of the groups of persons Plaintiff purports to represent would create a risk of: (A) inconsistent or varying adjudications with respect to proposed collective or class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to proposed collective or class members that, as a practical matter, would be dispositive of the interests of the other proposed collective or class members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for liquidated damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The certification and trial of this case as a collective or class action would violate Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution, as well as the Pennsylvania Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the alleged groups he purports to represent may not recover liquidated damages or prejudgment interest because such relief would amount to a "double recovery."

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor members of the alleged groups which he purports to represent may recover liquidated damages, because neither Defendants nor any of their officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff or any alleged group member, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any other putative collective action members are barred, in whole or in part, by the two-year statute of limitation contained in the FLSA because Plaintiff and any other putative collective action members cannot demonstrate that Defendants' conduct was willful such that they knew or showed reckless disregard that any of their conduct violated the FLSA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring claims on behalf of, and may not represent, putative collective or class members, in whole or in part, with respect to the asserted collective and class action claims.

## THIRTIETH AFFIRMATIVE DEFENSE

Certain opt-in plaintiffs or putative class members are not entitled to relief to the extent that they do not fall within the putative collective or class action definitions.

## <u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendants reserve the right to assert additional defenses as they may become known through the course of discovery.

**Respectfully submitted,**

**GORDON REES SCULLY MANSUKHANI**

Dated:  February 18, 2020

By:  /s/ Susan Childers North
Susan Childers North (admitted *pro hac vice*)
snorth@grsm.com
5425 Discovery Park Boulevard, Suite 200
Williamsburg, VA 23188
757-903-0870

**POST & SCHELL, P.C.**

By:  /s/ Andrea M. Kirshenbaum
ANDREA M. KIRSHENBAUM, ESQ.
akirshenbaum@postschell.com
DANIEL F. THORNTON, ESQ.
dthornton@postschell.com
Four Penn Center, 14th Floor
1600 John F. Kennedy Blvd
Philadelphia, PA 19103
215-587-1000

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, Andrea M. Kirshenbaum, hereby certify that on February 18, 2020, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's First Amended Collective and Class Action Complaint has been electronically filed with the Court and thereby has been served upon the following counsel of record:

Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
*Counsel for Plaintiff*

**POST & SCHELL, P.C.**

Dated:  February 18, 2020          By:    /s/ Andrea M. Kirshenbaum
                                    ANDREA M. KIRSHENBAUM, ESQ.
                                    akirshenbaum@postschell.com
                                    DANIEL F. THORNTON, ESQ.
                                    dthornton@postschell.com
                                    Four Penn Center, 14th Floor
                                    1600 John F. Kennedy Blvd
                                    Philadelphia, PA 19103
                                    215-587-1000

                                    *Counsel for Defendants*