## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUSTAPHA TAHBOUT, *individually and on behalf of all others similarly-situated*, | |
| Plaintiff, | |
| v. | No. 2:19-cv-00698-JP |
| ESHAI CORPORATION d/b/a COURIER DISTRIBUTION SYSTEMS, LLC and COURIER DISTRIBUTION SYSTEMS, LLC, | |
| Defendants. | |

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff Mustapha Tahbout ("Plaintiff"), by and through his counsel, Murphy Law Group, LLC, and Defendants Eshai Corporation and Courier Distribution Systems, LLC ("Defendants") (collectively, the "Parties"), by and through their counsel, Post & Schell, P.C., and Gordon Rees Skully Mansukhani, jointly file the following Motion to Approve Settlement Agreement. In support thereof, the Parties aver as follows:

### FACTUAL & PROCEDURAL HISTORY

1.      On or about February 18, 2019, Plaintiff instituted this action alleging claims of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA").

2.      Defendants dispute that Plaintiff is due unpaid overtime under the FLSA and/or the PMWA.

3.      As the result of extensive, arms-length settlement discussions following significant motion practice and written discovery, the Parties have agreed to enter into a settlement agreement resolving Plaintiff's individual wage and hour-related claims against

Defendants, and to seek this Court's approval of that agreement along with dismissal of this matter with prejudice and without costs. Attached hereto as "Exhibit A" is a true and correct copy of the Settlement Agreement

4.      Under the terms of the Settlement Agreement, Defendants have agreed to pay Plaintiff a specified sum (the "Settlement Sum") in exchange for releasing Defendants from liability for any and all wage claims that Plaintiff has or may have against Defendants. *See* Ex. A.

5.      As indicated specifically in the Settlement Agreement, upon approval of the Parties' agreement by this Court, Defendants will pay Plaintiff the aforementioned Settlement Sum. *See* Ex. A.

6.      According to the Settlement Agreement, the Parties concur that the agreement will fully compensate Plaintiff for any amounts Plaintiff claims may be due him. *See* Ex. A.

7.      The Settlement Agreement also provides that Plaintiff sought the advice of counsel prior to signing the Agreement, that he understands the Agreement, and that he is entering into the Agreement voluntarily. *See* Ex. A.

## MOTION TO APPROVE SETTLEMENT AGREEMENT

8.      All prior paragraphs are incorporated herein as if set forth fully below.

9.      Under the FLSA, a private party may not settle claims for unpaid wages unless the settlement is either supervised by the Secretary of Labor or judicially approved. *See* 29 U.S.C. § 216(b), (c); *see, e.g., Lynn's Food Store, Inc. v. U.S.*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982); *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 524-26 (E.D. Pa. 2016) ("Requiring judicial scrutiny of a proposed FLSA settlement, . . . is consistent with the FLSA's statutory structure and best meets its policy goals. . . . [J]udicial scrutiny of a private FLSA settlement

agreement to ensure it is fair and reasonable to the employee is essential to accomplishing the FLSA's purpose.").

10.     In the latter situation, a district court may enter a stipulated judgment after determining that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1354.

11.     In the absence of direct guidance from the United States Court of Appeals for the Third Circuit regarding the applicable standard for assessing settlement agreements under the FLSA, district courts in this Circuit have referred to the considerations set forth in *Lynn's Food*. *See, e.g.*, *Solkoff v. Pa. State Univ.*, No. 18-683, 2020 U.S. Dist. LEXIS 11058, at *3-4 (E.D. Pa. Jan. 23, 2020) (quoting *Lynn's Food*, 679 F.2d at 1354) ("When the parties seek approval by the district court, the settlement will be approved if it is 'a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"); *Owens v. Interstate Safety Serv., Inc.*, No. 3:17-CV-0017, 2017 WL 5593295, at *1 (M.D. Pa. Nov. 21, 2017) ("Although the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA actions claiming unpaid wages without court approval, district courts within the Circuit have followed the approach endorsed by a majority of courts and assumed that judicial approval is necessary.") (quoting *Nwogwugwu v. Spring Meadows at Lansdale, Inc.*, No. 16-2663, 2017 WL 2215264, at *1 (E.D. Pa. May 18, 2017)) (additional citations omitted); *Kraus*, 155 F. Supp. 3d at 522-23 ("Because the Third Circuit has not provided any specific guidance on this issue, district courts within this Circuit have looked to the Eleventh Circuit's opinion in *Lynn's Food* for guidance."); *Altenbach v. Lube Ctr., Inc.*, No. 1:08-CV-02178, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013).

12.     Under *Lynn's Food*, a proposed settlement agreement resolves a *bona fide* dispute where it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1354.

13.     In this case, including the payment of attorneys' fees, the settlement agreement calls for payment of more than 100% of the amount alleged to be in dispute.

14.     In scrutinizing the agreement for fairness and reasonableness, courts generally engage in a two-part inquiry, first assessing whether the agreement is fair and reasonable to the plaintiff-employee and—if found to be fair and reasonable—considering whether the agreement furthers or impermissibly frustrates the implementation of the FLSA in the workplace. *See, e.g.*, *Owens*, No. 3:17-CV-0017, 2017 WL 5593295, at *1.

15.     In undertaking the second step of the analysis; the district court should consider "an array of 'external' or contextual factors pertinent to the statutory purpose of the FLSA." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243-44 (M.D. Fla. 2010).

16.     In the present case, the Settlement Agreement is fair and reasonable to Plaintiff, because, among other reasons, it fully compensates Plaintiff for any amounts that he claims may be due to him in connection with his employment, and is the product of arm's-length negotiations between represented parties.[1] *See* Ex. A; *see, e.g.*, *Solkoff*, No. 18-683, 2020 U.S.

---

[1] In this regard, applying the maximum three (3) year lookback period for willful violations under the FLSA, and assuming that Plaintiff worked an average of 5.5 days per week and was improperly docked pay for one (1) thirty (30) minute meal break each day he worked during that period, Plaintiff's counsel estimates the maximum Plaintiff could reasonably expect to recover in unpaid overtime compensation resulting from missed meal breaks is approximately $6,500, plus an equal amount (*i.e.*, $6,500) in liquidated damages, or a total of $13,000 under the FLSA.  As noted in Paragraphs 2 and 13 above, Defendants dispute the legal merit of each and every one of Plaintiff's claims.  In particular, Defendants dispute whether Plaintiff missed a meal break every day as assumed in his counsel's analysis and contend that—even if this were the case—Plaintiff unreasonably failed to utilize the missed-meal-break-reporting mechanisms conveyed to Plaintiff numerous times through policies and employee handbooks, meaning that any alleged violation

Dist. LEXIS 11058, at *4 ("the settlement amount is fair and reasonable because the amount of the settlement is a substantial portion of the FLSA damages claimed by [the employee] in light of the likelihood of success and the existence of arm's-length negotiation"); *Altenbach*, 2013 WL 74251, at *1; *see also Lynn's Food*, 679 F.2d at 1354 (explaining that a proposed settlement agreement resolves a bona fide dispute where it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute").

17.    Furthermore, the attorneys' fees and costs which Plaintiff's counsel stand to receive under the proposed Settlement Agreement – which amount to approximately thirty-six percent (36%) of the total Settlement Amount – are fair, reasonable, and consistent with the contingent fee agreement entered into by Plaintiff at the onset of this litigation, which provided for the reimbursement of costs advanced by Plaintiff's counsel.  Moreover, a Lodestar cross-check reveals the reasonableness of the award of fees to Plaintiff's counsel.  In this regard, the Lodestar in this case is $24,970.  <u>See</u> Declaration of Michael Murphy, attached hereto as

---

could not have been knowing or willful.  Defendants furthermore dispute the factual and legal bases for various assumptions made by Plaintiff's counsel, including without limitation the average number of days per week worked by Plaintiff and the number of weeks that fall within the lookback period.

Plaintiff's counsel further estimates that, were Plaintiff successful in proving his remaining claims against Defendants under the PMWA (arising from Defendants' alleged misapplication of the fluctuating workweek ("FWW") method for calculating overtime owed), Plaintiff's maximum recovery thereunder would be approximately $15,770, representing compensation at a rate of $13.80 per hour for the ten (10) hours between forty (40) and fifty (50) hours per week during the one hundred and fourteen (114) week lookback period applicable to his claims. Again, Defendants vigorously dispute this claim and assert that the parties' employment relationship satisfied none of the regulatory prerequisites for the FWW method to apply, especially since Plaintiff's pay varied with his weekly hours.  *See* 29 C.F.R. § 778.114.  To the contrary, Defendants maintain that Plaintiff was paid in a manner entirely consistent with the day-rate method authorized under both the FLSA and the PMWA, meaning that Plaintiff has no valid claim to unpaid overtime under either statute.  *See* 29 C.F.R. § 778.112; 34 Pa. Code § 231.43(b); *Verderame v. RadioShack Corp.,* 31 F. Supp. 3d 702, 707 (E.D. Pa. 2014).

"Exhibit B."   The Lodestar was calculated by multiplying the total number of hours counsel

worked on this matter (i.e. 86) by the following reasonable rates:

| Name | Title | Total Hours | Hourly Rate | Total Fees |
|------|-------|-------------|-------------|------------|
| Michael Groh, Esq. | Associate Attorney | 82 | $285.00 | $23,370 |
| Michael Murphy, Esq. | Managing Member | 4 | $400.00 | $1,600 |
| **FIRM TOTALS** | | **86** | | **$24,970** |

The multiplier in this case (*i.e.*, Lodestar cross-check), taking into account all hours

expended by Plaintiff's counsel in the litigation, is therefore **0.94** ($23,470.88/$24,970 = 0.939).

This amount is clearly consistent with the award of attorneys' fees in FLSA common fund cases

in the Third Circuit.   *See Mabry v. Hildebrandt*, 2015 U.S. Dist. LEXIS 112137, at *9 (E.D. Pa.

Aug. 24, 2015) ("In this Circuit, the percentage of recovery award in FLSA common fund cases

ranges from roughly 20-45%.") (collecting cases); *see also Krell v. Prudential Ins. Co. of Am.(in*

*Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 341 (3d Cir.

1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases

when the lodestar method is applied.") (quoting 3 Herbert Newberg & Alba Conte, Newberg on

Class Actions, § 14.03, at 14-15 (3d ed. 1992)).

18.    The Settlement Agreement also furthers the implementation of the FLSA in the

workplace, given that, although Defendants admit no wrongdoing, payment of the Settlement

Sum will, or should, encourage future compliance with FLSA obligations.   *See Wingrove v. D.A.*

*Techs., Inc.*, 1:10-CV-3227, 2011 WL 7324219, at *3 (N.D. Ga. Feb. 14, 2011).   Moreover, the

Settlement Agreement does not frustrate the implementation of the FLSA in the workplace, in

that it does not contain an overly broad confidentiality provision and is being filed on the public

docket in recognition of the "strong presumption [that] FLSA settlements should be available for

public view." *See Lyons v. Gerhard's Inc.*, 2015 WL 4378514, *3 (E.D. Pa July 16, 2015). Furthermore, the Settlement Agreement does not contain a general release of claims, one common ground for invalidating a private settlement as frustrating the implementation of the FLSA. *See Rubbo v. PeopleScout, Inc.*, 2017 U.S. Dist. LEXIS 72578, at *7 (E.D. Pa. May 11, 2017). Thus, the Settlement Agreement's release does not represent employer overreach, but rather "the fair result of a balanced negotiation, in which Plaintiff [] [was] represented by able counsel." *See Lola v. Skadden, Arps, Meagher, Slate & Flom, LLP*, 2016 U.S. Dist. LEXIS 12871, at *4 (S.D.N.Y. Feb. 3, 2016).

19.    The Parties therefore seek this Court's approval of the Settlement Agreement. *See* 29 U.S.C. §216(b); *see e.g.*, *Lynn's Food*, 679 F.2d at 1352-53.

**WHEREFORE**, Plaintiff, Mustapha Tahbout, and Defendants, Eshai Corporation and Courier Distribution Systems, LLC, jointly request that this Honorable Court grant their Joint Motion to Approve Settlement Agreement and enter an order, substantially in the form attached hereto as "Exhibit C," approving the Settlement Agreement.

**MURPHY LAW GROUP, LLC**

By:  /s/ *Michael Groh*
     Michael Murphy, Esq.
     murphy@phillyemploymentlawyer.com
     Michael Groh, Esq.
     mgroh@phillyemploymentlawyer.com
     Eight Penn Center, Suite 2000
     1628 John F. Kennedy Blvd.
     Philadelphia, PA 19103
     215-439-7781

     *Counsel for Plaintiff*

**POST & SCHELL, P.C.**

By: /s/ *Andrea M. Kirshenbaum*
     Andrea M. Kirshenbaum
     akirshenbaum@postschell.com
     Daniel F. Thornton
     dthornton@postschell.com
     Four Penn Center, 14th Floor
     1600 John F. Kennedy Blvd.
     Philadelphia, PA 19103
     215-587-1000

**GORDON REES SCULLY
MANSUKHANI**

By: /s/ *Susan Childers North*
     Susan Childers North (admitted *pro hac vice*)
     snorth@grsm.com
     5425 Discovery Park Boulevard, Suite 200
     Williamsburg, VA 23188
     757-903-0870

     *Counsel for Defendants*

Dated: April 8, 2020

**APPROVED and SO ORDERED:**


_____

**PADOVA, J.**

## <u>CERTIFICATE OF SERVICE</u>

I, Michael Groh, Esq., hereby certify that on April 8, 2020, I caused a true and correct copy of the foregoing to be filed via ECF filing, which will send notification of such filing to the following counsel:

Andrea M. Kirshenbaum, Esq.
Daniel Frederick Thornton, Esq.
Post & Schell, P.C.
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
215-587-1126
akirshenbaum@postschell.com
dthornton@postschell.com
Attorneys for Defendants

Susan Childers North, Esq.
Gordon Rees Scully Mansukhani
5425 Discovery Park Blvd., Suite 200
Williamsburg, VA 23188
757-941-7620
snorth@grsm.com
Attorney for Defendants

_/s/ Michael Groh_____
Michael Groh, Esq.

Dated: April 8, 2020