IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUSTAPHA TAHBOUT, individually and on behalf of all others similarly-situated | : : : | CIVIL ACTION |
| v. | : : | |
| ESHAI CORPORATION d/b/a COURIER DISTRIBUTION SYSTEMS, LLC, ET AL. | : : | NO. 19-698 |

## ORDER

**AND NOW**, this 14th day of April, 2020, upon consideration of the parties' Joint Motion to Approve Settlement Agreement (Docket No. 30), which seeks approval of the parties' settlement of claims under the Fair Labor Standards Act ("FLSA"), **IT IS HEREBY ORDERED** as follows:

1.    The Joint Motion to Approve Settlement Agreement is **GRANTED**,[1] and the

---

[1] When presented with a proposed settlement of a claim under the FLSA, a court must "first determine whether it resolves a bona fide dispute, *i.e.*, a dispute that involves 'factual issues rather than legal issues such as the statute's coverage and applicability.'" Rubbo v. Peoplescout, Inc., Civ. A. No. 16-4903, 2017 WL 2010311, at *2 (E.D. Pa. May 11, 2017) (quoting Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016)).  "If the dispute is bona fide, the Court engages in a two-part inquiry:  First, the Court must determine if the settlement is fair and reasonable to the employee or employees involved." Id. (citation omitted).  "If it is, the Court then considers 'whether the agreement furthers or impermissibly frustrates the implementation of FLSA in the workplace.'" Id. (quoting McGee v. Ann's Choice, Inc., Civ. A. No. 12-2664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014)).

Here, we conclude that the proposed settlement agreement, which settles only the individual claims of the named Plaintiff, Mustapha Tahbout, resolves a bona fide dispute. Plaintiff alleges that Defendants violated the FLSA and the Pennsylvania Minimum Wage Act by (1) improperly docking him pay for thirty (30) minute meal breaks when he worked during the break time, and (2) failing to compensate him for overtime hours between 40 and 50 hours per week, i.e., only paying him overtime wages for hours in excess of fifty per week.  In response, Defendants assert that they have properly paid Plaintiff for all hours and overtime worked, and they specifically dispute that Plaintiff never took meal breaks as he contends.  They also dispute that the parties' employment relationship satisfied the regulatory prerequisites for application of a fluctuating work week method for calculating overtime, the method on which Plaintiff relies in asserting his overtime claim.  Accordingly, there is a bona fide dispute involving factual issues.

We further find that the proposed settlement is fair and reasonable to Plaintiff.  Indeed, Plaintiff will receive $41,529.12 in the settlement, which is considerably more than 100% of the damages that he claims in this lawsuit.  We also find the proposed $23,470.88 payment to Plaintiff's counsel for attorneys' fees and costs to be reasonable, where counsel is experienced; the

parties' Settlement Agreement, attached as Exhibit A to the Joint Motion, is **APPROVED**.

2.      This action is **DISMISSED** with prejudice and without costs pursuant to Local Rule 41.1(b).

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

lodestar multiplier for their fee request is an acceptable .94 (using a lodestar calculated with hourly billing rates within a reasonable range of $285 to $400 per hour); and the total fee and costs request amounts to approximately 36% of the total settlement recovery, which is consistent with the contingent fee agreement that Plaintiff entered into at the start of this litigation.  See Howard v. Phila. Hous. Auth., 197 F. Supp. 3d 773, 781-82 (E.D. Pa. 2016) (approving fee of 32.4% of recovery in a private FLSA action, stating that "fee awards for [FLSA] common fund cases generally range from 20-45% of the fund" (citation omitted)).

Finally, we conclude that the settlement agreement furthers the implementation of the FLSA in the workplace, as it fully compensates Plaintiff and encourages future compliance with FLSA obligations.  For all of these reasons, we approve the parties' proposed settlement agreement.